IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMIM A. CHOWDHURY and | § | |
| LIZA S. CHOWDHURY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:23-cv-596-K-BN |
| | § | |
| CARRINGTON MORTGAGE | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 3.

Defendant Carrington Mortgage Services, LLC has filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Plaintiffs Shamim A. Chowdhury's and Liza S. Chowdhury's First Amended Complaint [Dkt. No. 9]. *See* Dkt. No. 17. The Chowdhurys filed a response, *see* Dkt. No. 31, and Carrington filed a reply, *see* Dkt. No. 32.

For the following reasons, the Court should grant the motion to dismiss.

**Background**

This case arises out of a loan issued to the Chowdhurys to purchase real property located at 469 Tiffany Trail in Richardson, Texas.

In December 2007, the Chowdhurys executed a deed of trust granting a lien against the property to Mortgage Electronic Registration Systems, Inc. ("MERS") to secure repayment of the loan. *See* Dkt. No. 23 at ¶ 9; Dkt. No. 27-1 at 1-2 of 69.

The Chowdhurys refinanced their loan in 2009 through Countrywide Bank, FSB, and executed a deed of trust granting MERS a lien against the property. *See* Dkt. No. 23 at ¶11; Dkt. No. 27-1 at 3-17 of 69.

MERS assigned its rights to Bank of America, N.A. in 2012, and Bank of America assigned the deed of trust to Carrington in 2015. *See* Dkt. No. 27-1 at 18-20 of 69.

Carrington and the Chowdhurys agreed to modify the loan in January 2016. *See id.* at 26-31 of 69.

The Chowdhurys subsequently executed a subordinate deed of trust granting the Secretary of Housing and Urban Development ("HUD") a lien against the property in February 2016. *See id.* at 21-25 of 69.

On April 24, 2017, Liza Chowdhury filed a chapter 13 bankruptcy case to avoid a pending foreclosure sale. *See id.* at 32-42 of 69. After she defaulted on the bankruptcy plan payments, the court dismissed the bankruptcy case without prejudice. *See id.* at 38 of 69.

On March 11, 2019, Liza Chowdhury filed an adversary action in the bankruptcy court against Carrington and other creditors, *see id.* at 43-47 of 69, which the bankruptcy court dismissed without prejudice, *see id.* at. 53 of 69.

On August 28, 2019, the Chowdhurys sued Carrington in state court to stop a

foreclosure sale scheduled for September 3, 2019. They alleged Carrington breached the deed of trust and violated the Texas Debt Collection Practices Act by (1) failing to conduct a face-to-face interview with them or make a reasonable effort to arrange a face-to-face interview, (2) failing to inform them of available loss mitigation assistance, and (3) failing to accept partial payments in compliance with HUD regulations. *See Chowdhury v. Carrington Mortgage Servs., LLC*, No. 3:19-cv-2138-N (N.D. Tex.) at Dkt. No. 1-2 (state court petition). They also asserted a breach of contract claim for failing to include the name and street address for the substitute trustee on the notice of sale in violation of the Texas Property Code. *See id.*

Carrington withdrew the property from the sale and removed the case to this court. On November 1, 2022, the Court granted Carrington's motion for summary judgment, *see id.* at Dkt. No. 74, and dismissed the Chowdhurys' claims with prejudice, *see id.* at Dkt. No. 75.

On December 21, 2022, Carrington scheduled a foreclosure sale for March 7, 2023. *See* Dkt. No. 27-1 at 56-57 of 69.

On the morning before the scheduled sale, the Chowdhurys filed this lawsuit in state court to stop the foreclosure. *See* Dkt. No. 1-2. Late that afternoon, the trial court issued a Temporary Restraining Order that states:

> Defendants herein, and their agents, employees, trustees, and substitute trustees are immediately deterred from holding a scheduled trustee's sale covering certain real property located in_____ County, Texas, more particularly described in Exhibit "A" attached hereto and incorporated herein for all purposes, they will commit said acts before notice of a hearing on the Application for Temporary Injunction can be served and hearing had; that if the commission of said acts be not

> immediately restrained, Plaintiff will suffer immediate and irreparable injury, to-wit: Plaintiff will suffer wrongful interference with possession and ownership of the unique real property It is therefore ORDERED that [Creditor] and [Trustee], and their agents, employees, trustees, and substitute trustees be, and they hereby are, commanded forthwith to desist and refrain from holding a trustee's sale or foreclosure sale of the property more particularly described in Exhibit "A" attached hereto and incorporated herein for all purposes from the date of entry of this order until the tenth (10th) day after entry or until further order of this Court.

*See id.* The order did not include an "Exhibit A" and did not provide a property address, legal description or any other information necessary to identify the property. *See id.*

Carrington sold the property at the March 7, 2023, foreclosure sale. *See id.* at 64-69 of 69.

Carrington was served with a copy of the pleadings on March 8, 2023 – the day after the sale. *See* Dkt. No. 1-7. It removed the case to this court on March 20, 2023. *See* Dkt. No. 1.

> The Chowdhurys filed an amended complaint on June 12, 2023.

> The purpose of this amended complaint is to clarify the issue(s) before this court by narrowing post-judgment claim(s) that appear ripe for litigation. The issue is whether the Defendant, its authorized agents or other personnel violated the temporary restraining order by foreclosing on the real property subject to this dispute on March 7, 2023, and if so, what causes of action are available?

Dkt. No. 23 at ¶ 8. They assert claims for common-law wrongful foreclosure, vicarious liability, vicarious liability–apparent agency, negligence, and suit to quiet title. The also seek declaratory, equitable and injunctive relief. *See id.* at 6-12 of 13.

Carrington now seeks dismissal of all the Chowdhurys' claims. Carrington

first argues all the Chowdhurys' claims should be dismissed with prejudice because the TRO is void. It then argues that, even assuming the TRO was valid, the wrongful foreclosure claim is not supported by sufficient facts because there was no procedural defect as a matter of law, the Chowdhurys do not allege the sales price was grossly inadequate, and the Chowdhurys still occupy the property; the vicarious liability and negligence claims fail as a matter of law because there is no special relationship between a mortgagor and mortgagee; the suit to quiet title claim is not supported by sufficient facts because the Chowdhurys do not allege they tendered the amount due on the note; and the Chowdhurys are not entitled to injunctive, equitable, or declaratory relief because they have not stated any plausible underlying claims. *See* Dkt. No. 26.

The Chowdhurys filed a response opposing the motion to dismiss, *see* Dkt. No. 31, and Carrington filed a reply, *see* Dkt. No. 32.

The Court now determines that the motion to dismiss should be granted.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough

specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d

182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States

Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection

with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I.    All the Chowdhurys' claims should be dismissed with prejudice because the TRO is void.

Generally, a foreclosure sale made in violation of an injunction is void and transfers no title. But that it not the case here because the TRO is void on its face since it fails to comply with Texas Rule of Civil Procedure 683.

Rule 683 provides:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Tex. R. Civ. P. 683. These requirements "are mandatory and must be strictly followed." *In re Luther*, 620 S.W.3d 715, 722 (Tex. 2021) (quoting *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986)).

According to the Texas Supreme Court, one reason strict compliance with Rule 683 is required is "so that a temporary restraining order itself informs a party, unambiguously and with a reasonable degree of specificity, of the conduct to be restrained." *In re Luther,* 620 S.W.3d at 722; *see also TMJR Holdings, Inc. v.*

*Enhance Techs., LLC*, 540 S.W.3d 202, 213 (Tex. App.–Houston [1st Dist.] 2018, no pet.) ("Requiring that an enjoined party search for evidence to understand what conduct is enjoined undermines the purposes of an injunction, which are to remedy specific harm and to provide notice of the prohibited conduct.").

Here, the TRO entered on March 6, 2023, is void because it fails to comply with Rule 683's specificity requirement to describe in "reasonable detail" and "not by reference to the complaint or other document, the act or acts sought to be restrained[.]" The TRO states "Defendants…are immediately deterred from holding a scheduled trustee's sale covering certain real property located in _____ County, Texas, more particularly described in Exhibit A, attached hereto and incorporated herein by reference." The TRO relies on an extrinsic document that is not attached to any pleading on file, fails to include the referenced "Exhibit A" with the order, and fails to include any legal description, property address, or any other detail that would allow Carrington, a trustee, or anybody else to know which foreclosure sale is being enjoined.

Orders that fail to fulfill Rule 683's requirements are void, and a void temporary restraining order cannot void a foreclosure sale or prevent the transfer of property. See *Hall v. BAC Home Loan Servicing, L.P.*, 541 F. App'x 430, 432 (5th Cir. 2013); citing *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.–San Antonio 2003, orig. proceeding [mand. denied]) ("A void [temporary injunction] order has no force or effect and confers no rights; it is a mere nullity.").

Accordingly, since the TRO is void, the Court should dismiss all the

Chowdhurys' claims with prejudice on this ground alone.

II.    <u>The wrongful foreclosure claim should be dismissed.</u>

To state a claim for wrongful foreclosure, a plaintiff must allege (a) a procedural defect in the foreclosure proceeding, (b) a grossly inadequate selling price, and (c) a causal link between the procedural defect and the grossly inadequate selling price. *See Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2008, no pet.).

Taking the Chowdhurys' allegations as true, the Chowdhurys allege the foreclosure sale was wrongful because Carrington foreclosed while the TRO was in place to prevent the sale. But "[a] foreclosure sale in contravention of a TRO is not a defect in the foreclosure proceeding itself, and consequently, cannot give rise to a wrongful foreclosure cause of action." *Jones v. MTGLQ Investors, L.P.,* No. 6:17-cv-522, 2019 WL 3806070, at *4 (E.D. Tex. June 24, 2019) (quoting *Pickens v. U.S. Nat'l Bank Ass'n*, No. 3:12–cv–2210–O–BK, 2013 WL 866171, at *6 (N.D. Tex. Jan. 8, 2013)).

Alternatively, the Chowdhurys fail to state a wrongful foreclosure claim because they are still in possession of the property. *See* Dkt. No. 23 at ¶ 23. Under Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the property. Recovery is based on the lack of possession of real property and individuals never losing possession cannot recover on a theory of wrongful foreclosure. *See Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011) (quotations

omitted); *see also Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.–San Antonio 1998, no pet.) ("Where the mortgagor's possession is undisturbed, he has suffered no compensable damage.").

The Chowdhurys do not address either of these arguments in their response. Instead, they assert they "also alleged that the Defendants failed to make timely disclosure of the foreclosure sale" as a procedural defect. Dkt. No. 31 at 9 of 13. But they did not. *See* Dkt. No. 23. And they are precluded from pleading new allegations in response to a motion to dismiss. *See Sheddy v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-2804-B (BH), 2013 WL 5450288, at * (N.D. Tex. Sept. 30, 2013).

Accordingly, the undersigned concludes the Chowdhurys fail to state a claim for wrongful disclosure.

III.   <u>The vicarious liability and negligence claims should be dismissed.</u>

The Chowdhurys allege Carrington is vicariously liable for the substitute trustee's negligence in conducting the foreclosure sale and Carrington is negligent for foreclosing while the TRO was in effect. *See* Dkt. No. 23 at 7-10 of 13. Assuming the Chowdhurys allegations are true, they fail to state a negligence claim under direct or vicarious theories of liability.

The elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *See Lane v. Halliburton,* 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, USA v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

The Chowdhurys allege Carrington is vicariously liable for the trustee's

negligence because "a reasonable prudent Trustee would have or should have checked the real property records or the public records prior to conducting the foreclosure sale." Dkt. No. 23 at ¶ 32.

Texas law is clear that a trustee has no affirmative duties "beyond that required by statute or the deed of trust to ensure a fair sale." *Minella v. Bank of Am., N. A.*, No. SA-14-cv-174-XR, 2014 WL 1330554, at *3 (W.D. Tex. Apr. 1, 2014) (quoting *First State Bank v. Keilman,* 851 S.W.2d 914, 924 (Tex. App.–Austin 1993, writ denied). The Chowdhurys fail to state vicarious liability claims because neither the deed of trust nor the Property Code impose an affirmative duty on the trustee to investigate in the manner the Chowdhury's allege was necessary.

Nor do the Chowdurys state a negligence claim against Carrington directly.

"To show there is a duty in tort based on a contract, a plaintiff must show there is a special relationship between the parties." *Carrington v. Bank of Am., N.A.*, No. H-12-1542, 2013 WL 265946, at *7 (S.D. Tex. Jan 17, 2013) (quoting *Farah v. Mafridge & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.–Houston [1st Dist.] 1996, no writ)). Texas does not impose a legal duty on a mortgagee or mortgage servicer to a mortgagor that would give rise to a negligence claim. *See Del Rio Trejo v. Bank of Am., N.A.*, No. 3:19-cv-1406-L, 2020 WL 982004, at *2 (N.D. Tex. Jan. 12, 2020) (citing *Scott v. Bank of Am., N.A.*, 597 F. App'x 223, 225 (5th Cir. 2014); *see also UMLIC VP LLC v. T&M Sales & Envtl. Sys.*, 176 S.W.3d 595, 612 (Tex. App.–Corpus Christi 2005, pet. denied) ("Texas courts have found no special relationship between a mortgagor and mortgagee.").

Accordingly, the undersigned concludes the Chowdhurys have failed to state claims for vicarious liability and negligence.

IV.    <u>The suit to quiet title claim should be dismissed.</u>

In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference. *See Shastry v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-3335-G-BN, 2018 WL 4627132, at *12 (N.D. Tex. July 27, 2018); accord *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) ("Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid.").

In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Shastry*, 2018 WL 4627132, at *12; *Wright v. Matthews*, 6 S.W.3d 575, 578 (Tex. App.–Beaumont 2000, pet. denied). The plaintiff must recover on the strength of her own title, not on the weakness of her adversary's title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001, no pet.). To prevail, a plaintiff must "show a superior interest in the property." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). And Texas courts have made clear that "a necessary prerequisite to

[a quiet title action] is tender of whatever amount is owed on the note." *Cook-Ball v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012).

The Chowdhurys fail to plead sufficient facts to establish the superiority of their title to the property because they fail to allege they tendered the amount owed on the note. *See Warren,* 556 F. App'x at 382 (holding borrower's "failure to establish his own superior right to the property, such as by pleading that he was current on his mortgage payments, also renders his quiet title claim defective.").

Accordingly, the undersigned concludes the Chowdhurys fail to state a suit to quiet title claim.

V.    The claims for injunctive, equitable and declaratory relief should be dismissed.

The Chowdury's seek a declaratory judgment "to declare and determine the validity of the foreclosure sale in light of the temporary restraining order that was issued on March 6, 2023." Dkt. No. 23 at ¶40. They seek injunctive and equitable relief to set aside and invalidate the foreclosure sale. *See id.* at ¶ 43; *see also Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (explaining that injunctive relief is simply a form of equitable remedy).

Declaratory judgment and injunctive relief are forms of relief based on underlying claims. *See Collin Cnty. Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory judgment); *Cook*, 2010 WL 2772445, at *4 (injunctive relief); *Johnson v. Wells Fargo*

*Bank, NA*, 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014) (both).

Where a Court dismisses all of a plaintiff's substantive claims, as the undersigned recommends the Court do here, a plaintiff cannot maintain a claim for declaratory or injunctive relief.

## Recommendation

Defendant Carrington Mortgage Services, LLC's Dismissal Motion [Dkt. No. 25] should be granted and all of Plaintiffs Shamim A. Chowdhury's and Liza S. Chowdhury's claims against Defendant should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

-16-

DATED: January 18, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE